```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
PINLESS COMMUNICATIONS, INC.,                               :
                                                            :   **MEMORANDUM**
                                        Plaintiff,          :   **DECISION AND ORDER**
                                                            :
                 - against -                                :   19-cv-3677 (BMC)
                                                            :
PRIME GLOBAL COMMUNICATIONS (UK)                            :
LTD.,                                                       :
                                                            :
                                       Defendant.           :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

This action is for an account stated brought under the Court's diversity jurisdiction. It is before me on plaintiff's motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b), the Clerk having noted defendant's default on the docket. The motion is granted.

The complaint alleges that the parties entered into a contract, exhibited to the motion, by which the parties agreed to provide reciprocal telecommunications services at rates set forth in the agreement. The contract contained a mandatory forum selection clause through which the parties consented to personal jurisdiction in a state or federal court located in New York City and the application of New York law to the contract, and waived the right to have the action heard anywhere else, should a dispute arise. By invoice dated February 1, 2019, plaintiff billed defendant for $198,475.32 as the balance due under the contract. The invoice states that it is payable by February 16, 2019. The complaint alleges that defendant has not paid the invoice.

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiff's third-party complaint pertaining to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when the court relies on affidavits and other documentary evidence and the amount is liquidated. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105 (2d Cir. 1997).

The elements of breach of contract under New York law are: (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach by the defendant; and (4) damages. Katz v. Travelers, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017). The complaint adequately alleges each of these elements.

There is no need for a hearing here; an account stated is probably the claim most amenable to a default judgment without a hearing since all the court needs before it are the contract, the invoice, and an allegation in the complaint or a declaration that the invoice is due and not paid. Plaintiff has met these requirements.

Accordingly, plaintiff's motion for a default judgment is granted. The Clerk is directed

to enter judgment in favor of plaintiff and against defendant in the amount of $198,475.32, plus interest at the New York state statutory rate of 9% from February 16, 2019.

**SO ORDERED.**

                                                                                        _____

                                                                                                                       U.S.D.J.

Dated: Brooklyn, New York
         December 19, 2019